IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORMANON WATKINS,[1]               )
Y61191,                            )
                                   )
            Plaintiff,             )
                                   )
vs.                                )      Case No. 26-cv-335-DWD
                                   )
C/O HALL,                          )
C/O HARVEY,                        )
SGT. TOMESS,                       )
NURSE ASHLEY,                      )
                                   )
            Defendants.            )

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Cormarion Watkins, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Big Muddy River Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Specifically, Plaintiff's complaint concerns alleged excessive force and the denial of medical care. The Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law

---

[1] A review of the IDOC inmate locator tool, as well as Plaintiff's signature on the complaint, reflects that Plaintiff's name should be spelled "Cormarion" rather than Cormanon. The Clerk of Court is **DIRECTED** to **UPDATE** the docket sheet to reflect the proper spelling "Cormarion Watkins."

is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that on April 29, 2025, Defendant Hall pushed his disabled cellmate into the cell and the entered the cell and battered both Plaintiff and his cellmate. (Doc. 1 at 3-4). Plaintiff claims he was struck with a closed fist, fell backwards, and briefly lost consciousness. When he came to, Hall continued to batter him before leaving and locking the cell door. (*Id.*). Not long after the battering, Hall circulated the cellhouse with Defendant Harvey to perform a verified count. (*Id.* at 4). Hall threatened Plaintiff with a write-up if Plaintiff complained, and Harvey said "you thought he hurt you wait til I get you." (*Id.*). Plaintiff alleges that Harvey's comments caused him to fear for his life. (*Id.*).

After the shift change, Plaintiff saw Defendant Tomes and showed him visible facial injuries and blood on his clothing. (Doc. 1 at 4). He alleges that Tomes did not notify the medical unit and Tomes instructed other staff members to ignore the situation. During the med line, Plaintiff showed Defendant Ashley (a nurse) his injuries. Ashley asked Tomes if he was going notify the medical unit and when Tomes said no, Ashley laughed and told Plaintiff he was on his own. (*Id.*). When Plaintiff eventually had the courage to file a grievance in June of 2025, he and his cellmate were placed in segregation and were charged with fighting, despite both consistently insisting that Hall was the sole aggressor. (*Id.* at 5). Plaintiff alleges nothing further ever happened, other than being

notified in response to his grievance that internal affairs had investigated.  Plaintiff seeks monetary compensation.  (*Id.*).

Based on the allegations in the Complaint the Court designates the following counts:

**Claim 1:** **Eighth Amendment excessive force claim against Defendant Hall;**

**Claim 2:** **Eighth Amendment harassment or cruel and unusual punishment claim against Hall and Harvey;**

**Claim 3:** **Eighth Amendment deliberate indifference claim against Defendants Tomes and Ashley for refusing medical assistance.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court.  Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.  *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## DISCUSSION

An Eighth Amendment excessive force claim requires an inquiry into "whether force was applied in a good-faith effort to maintain or restore discipline, or [whether it was] applied maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  The "core judicial inquiry" for an excessive force claim not the severity of the injury, but whether the force used was 'malicious and sadistic.'  *Wilkins v. Gaddy*, 559 U.S.

34, 37 (2010).  Here, Plaintiff plainly alleges that Hall used force that was not necessary to restore discipline, and he may proceed on Claim 1.

Plaintiff may also proceed on Claim 2 against Hall and Harvey, who both allegedly threatened Plaintiff after the beating with further consequences or violence if Plaintiff reported the incident.  Though most verbal harassment does not rise to the level of a constitutional violation, Harvey's harassment came directly on the heels of an allegedly unprovoked beating by Hall and was said in Hall's presence.  These aggravating factors may be enough to sustain the claim.  Additionally, Hall threatened consequences if Plaintiff reported the incident and Plaintiff says that when he filed a grievance he was placed in segregation.  At this early juncture, these assertions are sufficient to proceed.

Finally, Plaintiff alleges he showed Defendants Tomes and Ashley his visible injuries and blood on his clothing, but they refused medical care.  Though he does not describe his precise injuries, the Court will accept for now that he claims he was brutally battered, and thus his request for medical attention was sufficiently serious to warrant a response from staff.

**DISPOSITION**

**IT IS HEREBY ORDERED THAT Claim 1** survives against Defendant Hall, **Claim 2** survives against Defendants Hall and Harvey, and **Claim 3** survives against Defendants Tomes and Nurse Ashely.

The Clerk of Court is **DIRECTED** to prepare for Defendants Hall, Harvey, Tomes, and Nurse Ashley: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to

mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

The Clerk of Court shall **UPDATE** the docket sheet consistent with footnote 1 to reflect the accurate spelling of Plaintiff's name.

**IT IS SO ORDERED.**

**DATED:** May 15, 2026

DAVID W. DUGAN
United States District Judge

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.